UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BERTINA K., o/b/o T.J.S.,

                Plaintiff,

v.                                               1:20-CV-1846
                                                    (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                         OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC        KENNETH HILLER, ESQ.
  Counsel for Plaintiff
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                     NAHID SOROOSHYARI, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 11.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.      RELEVANT BACKGROUND**

### A.     Factual Background

Claimant was born in 2009.  (T. 63.)  He was a school-age child at the time of application and a school-age child at the date of the hearing.  (T. 16.)  Generally, Claimant's alleged disability consists of attention deficit hyperactivity disorder ("ADHD"). (T. 63.)  His alleged disability onset date is October 5, 2016.  (T. 63.)

### B.     Procedural History

On November 3, 2017, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act on behalf of Claimant, a minor.  (T. 63.)  Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ").  On December 2, 2019, Plaintiff and Claimant appeared before the ALJ, Stephan Bell.  (T. 33-59.)  On December 19, 2019, ALJ Bell issued a written decision finding Claimant not disabled under the Social Security Act.  (T. 12-32.)  On October 16, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-6.)  Thereafter, Plaintiff timely sought judicial review in this Court.

### C.     The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law.  (T. 16-29.)  First, the ALJ found Claimant was a school-aged child on the date of application and at the date of the hearing.  (T. 16.)  Second, the ALJ found Claimant had not engaged in substantial gainful activity since the application date.  (*Id.*)  Third, the ALJ found Claimant had the severe impairment of ADHD.  (*Id.*) Fourth, the ALJ found Claimant did not have an impairment that meets or medically equals one of the Listings.  (*Id.*)  Fifth, the ALJ found Claimant did not have an

impairment or combination of impairments that functionally equaled an impairment set forth in the Listings. (T. 18-29.) Sixth, and finally, the ALJ concluded Claimant had not been disabled, as defined by the Social Security Act, since November 3, 2017, the date his application was filed. (T. 29.)

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Arguments

Plaintiff makes two arguments in support of her motion for judgment on the pleadings. First, Plaintiff argues the ALJ's finding that Claimant had "less than marked limitation" in the domain of caring for oneself was not supported by substantial evidence. (Dkt. No. 8 at 12-16.) Second, and lastly, Plaintiff argues the ALJ's finding that Claimant had "less than marked limitation" in the domain of attending and completing tasks was not supported by substantial evidence. (*Id.* at 16-18.) Plaintiff filed a reply in which she relied on her original arguments. (Dkt. No. 10.)

### B.    Defendant's Arguments

In response, Defendant makes one argument. Defendant argues the ALJ's decision that Claimant was not markedly limited in two domains, or extremely limited in one domain, was supported by substantial evidence and free from legal error. (Dkt. No. 9 at 7-16.)

## III.    RELEVANT LEGAL STANDARD

### A.    Standard of Review

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  "[I]t is . . . a very deferential standard of review - even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012).  In particular, it requires deference "to the Commissioner's resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).

It is not the Court's "function to determine de novo whether a plaintiff is disabled." *Brault*, 683 F.3d. at 447.  "In determining whether the agency's findings were supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks omitted).  "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."  *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "The substantial evidence standard means once an ALJ finds facts, we can reject those facts 'only if a reasonable factfinder would have to conclude otherwise.' " *Brault*, 683 F.3d at 448.  The Court "require[s] that the crucial factors in any determination be set forth with sufficient specificity to enable [the reviewing Court] to decide whether the determination is supported by substantial evidence."  *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (alterations and internal quotation marks omitted).

**B**.    **Standard to Determine Disability**

An individual under the age of eighteen is considered disabled within the meaning of the Act "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be

4

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).  The Commissioner has set forth a three-step process to determine whether a child is disabled as defined under the Act.  See 20 C.F.R. § 416.924.

At step one, the ALJ determines whether the child is engaged in substantial gainful work activity.  20 C.F.R. § 416.924(b).  If so, the child is not disabled.  *Id.*  If not, the ALJ proceeds to step two and determines whether the child has a medically determinable impairment(s) that is "severe."  *Id.* § 416.924(c).  If the child does not have a severe impairment(s), he or she is not disabled.  *Id.*  If the child does have a severe impairment(s), the ALJ continues to step three and examines whether the child's impairment(s) meets, medically equals, or functionally equals the listed impairments in Appendix 1 to Subpart P of Part 404 of the Commissioner's regulations (the "Listings").  *Id.* § 416.924(d).  In determining whether an impairment(s) functionally equals the Listings, the ALJ must assess the child's functioning in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for him or herself; and (6) health and physical well-being.  *Id.* § 416.926a(b)(1)(i)-(vi).  To functionally equal the Listings, the child's impairment(s) must result in "marked" limitations in two domains or an "extreme" limitation in one domain.  *Id.* § 416.926a(a).  A child has a "marked" limitation when his or her impairment(s) "interferes seriously" with his or her ability to independently initiate, sustain, or complete activities.  *Id.* § 416.926a(e)(2).  A child has an "extreme" limitation when his or her impairment(s) "interferes very seriously" with his

or her ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(3).

If the child has an impairment(s) that meets, medically equals, or functionally equals the Listings, and the impairment(s) meets the Act's duration requirement, the ALJ will find the child disabled. 20 C.F.R. § 416.924(d).

### III. Analysis

In general, Plaintiff appears to argue the teachers' assessments, in which they noted Claimant had "obvious," "serious," or "very serious" limitations in various domain activities, necessarily equates to a finding of "marked" or "extreme" limitations. (Dkt. 8 at 13, 14-15, 17-18.) However, Plaintiff's inference is misplaced and without legal authority.

A teacher's assessment that a claimant has some limitations within a domain is not necessarily inconsistent with an ALJ's conclusion of "less than marked" limitation in the domain. *Smith v. Colvin*, No. 13-CV-6143P, 2015 WL 1119983, at *16 (W.D.N.Y. Mar. 12, 2015) (collecting cases); *see Sally M. o/b/o C.B. v. Comm'r of Soc. Sec.*, No. 20-CV-6210, 2021 WL 1783007, at *3 (W.D.N.Y. May 5, 2021) (assessments of "serious" and "very serious" problems in a domain are not necessarily inconsistent with an ALJ's conclusion that the child's limitations were "less than marked"); *see Melissa C. o/b/o M.C. v. Kijakazi*, No. 20-CV-0885L, 2022 WL 167534, at *3 n2 (W.D.N.Y. Jan. 18, 2022) (although the teacher questionnaires noting "serious" and "very serious" problems *could* be read to support a marked or extreme limitation, they do not, by themselves, compel such a finding); *see Spruill ex rel. J.T. v. Astrue*, No. 6:12-CV-6060, 2013 WL 885739, at *8 (W.D.N.Y. Mar. 8, 2013) (Plaintiff infers that a finding of a "serious"

problem in a particular skill area in a domain of functioning should be equated with a "marked" limitation. However, Plaintiff has not cited, and the Court has not found, any cases or other legal authority directly supporting this proposition.").

Under the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position.  Substantial evidence "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).  Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record.  *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012).  Therefore, Plaintiff's general argument, that evidence of limitations in some areas of functioning is inconsistent with a finding of "less than marked," fails.

### A. Domain of Caring for Yourself

Plaintiff argues the ALJ erred in concluding Claimant had less than marked limitation in the domain of carrying for yourself because the ALJ erroneously relied on evidence of Claimant's ability to perform self-care. (Dkt. No. 8 at 13.)  For the reasons outlined below, the ALJ's determination of less than marked limitation in the domain of carrying for yourself was proper and supported by substantial evidence.

In the domain of caring for yourself, the ALJ will consider a claimant's ability to maintain a healthy emotional and physical state.  SSR 09-7p. This includes how well children get their emotional and physical wants and needs met in appropriate ways, how

children cope with stress and changes in the environment, and how well children take care of their own health, possessions, and living area. *Id.* The domain, however, does not address a claimant's physical abilities to perform self-care tasks like bathing, getting dressed, or cleaning up their room. *Id.*

The ALJ concluded Claimant had less than marked limitation in the domain of carrying for yourself. (T. 28.) In making his determination, the ALJ reasoned Claimant could dress, bathe, and groom himself, assist in household chores, and prepare himself a snack. (*Id.*) The AL also considered teacher questionnaires in which teachers noted Claimant was a danger to himself and/or others until he took his medications. (*Id.*) The ALJ considered school records which showed Claimant would instigate fights with peers at times; however, the ALJ also noted it was unclear as to whether Claimant was taking his medication as prescribed during those periods. (*Id.*) Lastly, the ALJ considered objective mental status examinations. (*Id.*)

To be sure, in the domain of caring for oneself, does not consider Claimant's physical ability to perform self-care tasks; however, the domain does consider how well Claimant cares for his own health, possessions, and living area. SSR 09-7p. Here, the ALJ properly considered Claimant's ability to take care of his own health by bathing and preparing a snack, and care for his own living area, such as assisting in household chores. (T. 28.) Unlike in *Maria E. o/b/o J.M.A. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1337, 2021 WL 3861422, at *4 (W.D.N.Y. Aug. 30, 2021), the ALJ here did not rely solely on Claimant's physical ability to perform self-care tasks in determining Claimant had less than marked limitation in the domain of caring for yourself. Here, the ALJ

properly considered Claimant's ability to care for his own needs as one part of his overall assessment of Claimant's abilities in this domain.

The ALJ's finding of less than marked limitation in the domain of caring for yourself was supported by substantial evidence in the record. The ALJ relied on teacher questionnaires in which a teacher reported, in the domain of caring for yourself, Claimant had "no" or "slight" problems in five activities, an "obvious" problem in one activity, and a "serious" problem in one activity. (T. 194); *see Shawnta A on behalf of J.A. v. Comm'r of Soc. Sec.*, No. 6:20-CV-6500, 2021 WL 4225651, at *6 (W.D.N.Y. Sept. 16, 2021) (finding that an ALJ appropriately relied on "teachers' reports of no problems and slight problems in the majority of activities listed in this domain to determine that the child's limitation in this domain was less than marked."). The ALJ also properly noted teachers observed Claimant's behavior improved when he took medication. (T. 28, 195.) Lastly, the AL relied on "unremarkable" objective mental status examinations. (T. 28.)

Although Plaintiff asserts the teacher questionnaires provide "ample evidence" of Claimant's "inability to meet his emotional needs," Plaintiff fails to prove no reasonable fact finder could have reached the ALJ's determination. *See Brault,* 683 F.3d at 448. The ALJ considered the teacher questionnaires, together with other evidence in the record, and came to a different conclusion. *See Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir. 1991) (reviewing courts must afford the Commissioner's determination considerable deference and cannot substitute own judgment even if it might justifiably have reached a different result upon a *de novo* review). Therefore, the ALJ properly assessed

Claimant's functioning in the domain of carrying for yourself and his determination was supported by substantial evidence.

### B. Domain of Attending and Completing Tasks

Plaintiff asserts the ALJ's "analysis failed to properly consider the teacher's questionnaires and ignored the other educational record evidence cited above." (Dkt. No. 8 at 17.)  Although Plaintiff properly summarizes questionnaires completed by Claimant's teachers, Plaintiff fails to provide any further analysis to support her assertion that the limitations provided conflict with the ALJ's conclusion, nor does Plaintiff state which evidence she contends the ALJ ignored.

Indeed, as already outlined herein, a teacher opinion that a claimant has some limitations within a domain is not necessarily inconsistent with an ALJ's conclusion that those limitations were "less than marked."  *Smith,* 2015 WL 1119983, at *16.  Further, a review of the record and the ALJ's decision fails to indicate the ALJ ignored evidence in the record.  Therefore, Plaintiff's conclusory argument fails.

A review of the ALJ's decision and the evidence in the record indicates the ALJ properly determined Claimant had less than marked limitation in the domain of attending and completing tasks and substantial evidence supports his determination.  This domain considers how well a child is able to focus and maintain attention, and how well he is able to begin, carry through, and finish activities, including the mental pace at which he performs activities and the ease of changing activities. Attending and completing tasks also refers to a child's ability to avoid impulsive thinking and his ability to prioritize competing tasks and manage his time.  20 C.F.R. § 416.926a(h); *see* SSR 09-4p.

In making his determination the ALJ relied on Plaintiff's testimony indicating Claimant had difficulty staying on task; however, she informed his pediatrician he was better able to maintain attention and concentration once he started medication.  (T. 25, 345 (Plaintiff told pediatrician during a medication follow up appointment Claimant was doing better in school and his school reported that his concentration had improved); T. 488 (Plaintiff reported that an increased dose of Adderall resulted in Claimant doing "very well," with "no complaints" from his teachers); and T. 794 (Plaintiff reporting improved concentration with medication).  Dr. Santarpia's examination and opinion also supported the ALJ's finding. (T. 23-24.)  As the ALJ explained, Dr. Santarpia found Claimant's attention and concentration intact.  (T. 25, 261.)  Therefore, the ALJ's determination was proper and supported by substantial evidence in the record.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:   August 16, 2022

*Bill Carter*
William B. Mitchell Carter
U.S. Magistrate Judge